UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PORTER,

      Plaintiff,

v.

      Case No. 11-cv-12317

      Paul D. Borman
      United States District Judge

CORNELL HOWARD, *ADW of Housing*
*Mound Correctional Facility;*
DARRELL M. STEWARD, *Deputy Warden,*
*Mound Correctional Facility;*
CYNTHIA GAUSE, *Transfer Coordinator,*
*Mound Correctional Facility; and*
L. HUNTER, *Resident Unit Manager,*
*Mound Correctional Facility,*

      R. Steven Whalen
      United States Magistrate Judge

      Defendants.

_____/

**OPINION AND ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**(Dkt. No. 29),**
**(2) GRANTING DEFENDANTS GAUSE AND HUNTER'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 18),**
**(3) GRANTING DEFENDANT HOWARD'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 22), and**
**(4) GRANTING DEFENDANT STEWARD'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 25)**

Plaintiff John Porter, a state prisoner proceeding *pro se*, filed this action on May 26, 2011, alleging civil rights violations pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On September 13, 2011, Defendants Cynthia Gause and L. Hunter filed a Motion for Summary Judgment. (Dkt. No. 18.) Plaintiff filed a Response on October 11, 2011. (Dkt. No. 20.) On October 14, 2011, Defendant Cornell Howard filed a Motion for Summary Judgment. (Dkt. No. 22.) On October 24, Defendant

1

Darrell M. Steward filed a Motion for Summary Judgment. (Dkt. No. 25.) Plaintiff filed a Response to Howard's Motion on November 4, 2011 (Dkt. No. 27), and to Steward's Motion on November 10, 2011 (Dkt. No. 28). The Court referred all three motions to the Magistrate Judge, who issued a Report and Recommendation ("R&R") on January 6, 2012, recommending that the motions be granted. (Dkt. No. 29.) On January 27, 2012, after being granted an extension of the time to file objections, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation. (Dkt. No. 32.)

For the reasons stated below, the Court will deny Plaintiff's Objections, adopt Magistrate Judge R. Steven Whalen's Report and Recommendation, grant Defendants' motions and dismiss this action.

## I. BACKGROUND

Plaintiff is currently confined by the Michigan Department of Corrections at the Chippewa Correctional Facility ("Chippewa") in Kincheloe, Michigan. Formerly, Plaintiff was housed at the Mound Correctional Facility ("Mound") in Detroit, Michigan. Plaintiff's claims arise out of his transfer from Mound to Chippewa. Specifically, the Complaint alleges as follows:

> On/About 2/15/11, I attempted to resolve an issue with my Bunkie and I not getting along and I spoke to my Housing Unit Manager, Hunter, about the situation and once she told me there was nothing she could do and if I pursued the issue, she would have me transferred to a disciplinary prison. I went to inspector Goodwin about the situation and had my Bunkie moved and RUM Hunter became angry and told me, I was being transferred "up north" and on 2/17/11 a transfer was submitted and I'd like to include transfer coordinator Cynthia Gause and Alan C. Howard who approved the transfer order to my complaint.
>
> I would like for this Court to award me punitive damages for pain, suffering and hardship as a result of retaliation for me complaining to

2

> Inspector Goodwin about the problem my Bunkie and I was having and being transferred to and disciplinary prison "up north" away from my family.

(Compl. 3.)

## II. STANDARD OF REVIEW

When a party objects to a portion of a Magistrate Judge's report and recommendation, the Court must review that portion *de novo*. Fed. R. Civ. P. 72(b).

Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56(c). "Summary judgment is proper when, viewing the facts and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law." *Harris v. Metropolitan Gov't of Nashville and Davidson County, Tenn.*, 594 F.3d 476, 482 (6th Cir. 2009).

## III. ANALYSIS

The Magistrate Judge noted that the Defendants all raised the same three arguments in favor of summary judgment: (1) that Plaintiff did not exhaust his administrative remedies because his grievance was untimely; (2) that Plaintiff has failed to establish a First Amendment retaliation claim; and (3) that Defendants are all entitled to qualified immunity. (R&R at 2.) The Magistrate Judge then found that Plaintiff failed to sufficiently aver that he had engaged in speech protected by the First Amendment, or that Defendants had taken adverse action against him, or that Defendants had violated his clearly established constitutional rights. (R&R at 3-8.) Alternatively, the Magistrate Judge found that Defendants were entitled to summary judgment because Plaintiff had failed to exhaust his administrative remedies. (R&R at 10-11.)

In his Objections, Plaintiff argues that Defendant Hunter's threat to transfer him to another

facility, coupled with the transfer after Plaintiff complained about his bunkie to Defendant Hunter's supervisor, constituted a violation of his constitutional rights. Plaintiff also argues that getting transferred to a different correctional facility hundreds of miles away from the prison where he was previously incarcerated constitutes an adverse action. Last, Plaintiff argues that his grievance was not untimely because he attempted to file it on time, but the prison mail system took over a month to deliver it.

The Court finds that Plaintiff has failed to establish a violation of his constitutional rights, and that Defendants are therefore entitled to qualified immunity. Defendants are immune from civil liability in performing their discretionary functions as prison employees unless the evidence, "when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Jefferson v. Lewis*, 594 F.3d 454, 459 (6th Cir. 2010) (citation omitted).

The Supreme Court has recognized that a transfer from one penological institution to another does not violate an inmate's constitutional rights. As long as the conditions or degree of confinement are within the prisoner's sentence, and not otherwise violative of the Constitution, a prisoner's transfer from one facility to another is not subject to judicial oversight. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). The Constitution is not implicated "even though such a transfer operates as a real hardship on the inmate who is effectively separated by the transfer from his only contact with the world outside the prison." *Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (citation and punctuation omitted); *but see Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005) (finding transfer of prisoner was an adverse action where, "[a]s a result of the transfer, the Plaintiff not only lost his high paying job that he needed in order to pay his attorney, but the transfer also

4

made it more difficult for his attorney to visit or represent him because he was moved further away from her.").

The Court finds instructive *Ward v. Dyke*, 58 F.3d 271 (6th Cir. 1995). In that case, the plaintiff was a prisoner at the Ionia Temporary Facility, but was transferred to the Chippewa Temporary Facility after filing numerous grievances against prison staff. *Id.* at 272. The plaintiff filed suit under 42 U.S.C. § 1983, alleging that he was transferred as retaliation for exercising his First Amendment right to seek redress of grievances. *Id.* The defendants filed a motion for summary judgment based on qualified immunity, which the district court denied. On appeal, the Sixth Circuit reversed the district court and entered judgment in favor of the defendants. *Id.*

On appeal, the defendants argued, and the Sixth Circuit agreed, that "there is no constitutional right not to be transferred from one level II institution to another when prison officials, in the exercise of their discretion, determine that a prisoner is an adjustment problem." *Id.* at 274. The Sixth Circuit noted that "[t]he ability to transfer a prisoner who is interfering with prison administration and staff morale goes to the essence of prison management." *Ward*, 58 F.3d at 274. Therefore, the plaintiff's constitutional rights were not violated when he was transferred, even though the admitted reason for the transfer was the plaintiff's repeated filing of grievances: "[e]ven if defendants' actions had some effect on Ward's future filing of grievances, his transfer is permissible where it serves a legitimate penological interest." *Id.* at 275. The Sixth Circuit also held that it was irrelevant that "the new facility, although also a level II facility, is less desirable than the facility from which Ward was transferred." *Id.* The Sixth Circuit summarized:

> The transfer here was to another level II facility; the fact that a prisoner may not like a certain prison location does not automatically transform a valid transfer into a constitutional violation. Ward has no

5

> constitutional right to remain at a specific facility or to prevent a transfer to another level II facility for a permissible reason. Under these facts, Ward has failed to state a clearly established constitutional right that was violated as a result of the transfer. . . . Therefore, defendants are entitled to qualified immunity.

*Id.* (citation omitted).

The facts in the instant matter are similar to *Ward*. Plaintiff admits that his classification as a level II prisoner did not change when he was transferred from the Mound facility to the Chippewa facility. Like in the *Ward* case, Plaintiff argues that his complaint to prison staff was protected speech, and that the transfer was retaliation for exercising his right to pursue grievances. Plaintiff does not, however, contend that the transfer has interfered with his ability to access the courts or to seek redress by filing grievances. Thus, as in the *Ward* case, even if Plaintiff was transferred for the reasons he alleges – pursuing an issue with Defendant Hunter's supervisor after Defendant Hunter told him not to do so – the transfer was for a legitimate penological interest if it served the purpose of facilitating prison administration and staff morale at the Mound facility.[1]

Because Plaintiff has not presented any evidence that his access to the courts or ability to seek redress by filing grievances has been interfered with by his transfer, a reasonable juror could not conclude that he has suffered an adverse action in violation of the Constitution. Accordingly, Defendants are entitled to qualified immunity. *Jefferson*, 594 F.3d at 459.

Furthermore, Plaintiff's complaints regarding having trouble getting along with his bunkie

---

[1] The Court notes that Defendant Hunter denies that she ever had a discussion with Plaintiff regarding his bunkie. (Defs. Gause and Hunter's Mot., Ex. D, Hunter Aff. ¶¶ 3-4.) Defendant Gause contends that Plaintiff was transferred to make room for an incoming prisoner in the Michigan Prisoner Reentry Initiative program. (Defs. Gause and Hunter's Mot., Ex. G, Gause Aff. ¶ 4.) Nevertheless, for purposes of the instant motions, the Court views all evidence in a light most favorable to Plaintiff.

are not protected speech within the purview of the First Amendment. A prisoner's First Amendment right to file grievances is protected "only if the grievances are not frivolous." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The Sixth Circuit has rejected § 1983 claims brought by prisoners where the grievances at the center of the prisoners' claims were frivolous. *See Scott v. Kilcherman*, 230 F.3d 1359 (6th Cir. 2000) (unpublished table decision) (holding that prisoner's grievance regarding verbal abuse was frivolous and not protected by the First Amendment, because "[a]n inmate has no constitutionally protected right to be free from verbal abuse."); *Thaddeus-X v. Love*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision) (holding that "grievance against the defendant because he was eating food at the prison guard desk is patently frivolous as the defendant's conduct had no adverse impact on Thaddeus-X."). In the instant case, Plaintiff has not alleged that his bunkie was threatening him or that he feared his bunkie in any way. Plaintiff merely alleges that he and his bunkie were not getting along. He therefore had no constitutionally protected right to change his bunkie. Plaintiff's complaints regarding his bunkie were thus frivolous and not protected by the First Amendment.

Accordingly, viewing the evidence in a light most favorable to Plaintiff, a reasonable juror could not conclude that he engaged in protected conduct or that his transfer constitutes an adverse action that rises to the level of a constitutional violation. Because Plaintiff cannot show that they violated his constitutional rights, Defendants are therefore entitled to qualified immunity.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **ADOPT** Magistrate Judge R. Steven Whalen's Report and Recommendation;

(2) **GRANT** Defendants Gause and Hunter's Motion for Summary Judgment;

7

(3) **GRANT** Defendant Howard's Motion for Summary Judgment;

(4) **GRANT** Defendant Steward's Motion for Summary Judgment; and

(5) **DISMISS** the action **WITH PREJUDICE**.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 8-9-12